William A. Hanssen (Bar No. 110613)
Sandra L. Weiherer (Bar No. 208354)
DRINKER BIDDLE & REATH LLP
1800 Century Park East, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 203-4000
Facsimile: (310) 229-1285
william.hanssen@dbr.com
sandra.weiherer@dbr.com

Attorneys for Defendant
WAL-MART STORES, INC.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAY ECKLER, On Behalf of Herself and All Others Similarly Situated,<br><br>          Plaintiff,<br><br>     vs.<br><br>WAL-MART STORES, INC., a Delaware corporation,<br><br>          Defendant. | Case No. 3:12-cv-00727-LAB-MDD<br>Hon. Judge Larry A. Burns<br>Courtroom 9<br><br>**DEFENDANT WAL-MART STORES, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>**[Fed.R.Civ. P. 8, 9(b), 12(b)(6)]**<br><br>**[NOTICE OF MOTION FILED CONCURRENTLY HEREWITH]**<br><br>**ORAL ARGUMENT REQUESTED**<br><br>Hearing Date: July 30, 2012<br>Hearing Time: 11:30 a.m.<br>Hearing Location: Courtroom 9 |

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

LA01/ 1144427.1

1

DEFENDANT WAL-MART STORES, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT .................................................................................................... 2

SUMMARY OF THE COMPLAINT ........................................................................................... 3

ARGUMENT ................................................................................................................................ 6

I. PLAINTIFF'S CONCLUSORY CLAIMS OF "FALSITY" ARE REALLY NON-
   COGNIZABLE CLAIMS FOR LACK OF SUBSTANTIATION .................................. 6

II. PLAINTIFF'S CONCLUSORY ALLEGATIONS FAILS TO STATE CLAIMS
    UNDER RULE 8 OR RULE 9(b) ................................................................................... 9

    A. The Rule 8 Plausibility Standard ...................................................................... 9

    B. The Rule 9(b) Heightened Pleading Standard .................................................. 10

    C. Plaintiff Has Failed to Satisfy Rule 8 or Rule 9(b) ......................................... 12

    D. Plaintiff Has Not Stated Facts Sufficient to Create a Duty to Disclose .......... 14

III. PLAINTIFF'S CLAIM FOR BREACH OF EXPRESS WARRANTY FAILS ............. 16

    A. Plaintiff's Warranty Claim Is Barred by Her Failure to Give
       Pre-Suit Notice ................................................................................................. 16

    B. Plaintiff Has Failed to Plead Adequately That An Express
       Warranty Was Made .......................................................................................... 16

CONCLUSION .......................................................................................................................... 18

# TABLE OF AUTHORITIES

<u>Page</u>

**CASES**

*Alvarez v. Chevron Corp.*,
 656 F.3d 925 (9th Cir. 2011)......................................................................16

*Ashcroft* v. *Iqbal*,
 129 S. Ct. 1937 (2009)........................................................................12, 13

*Barrera v. Pharmavite LLC*,
 No. CV 2:11-04153, (C.D. Cal. Sept. 19, 2011) ...........................................7

*Bell Atlantic* v. *Twombly*,
 550 U.S. 544 (2007)....................................................................................10

*Blennis v. Hewlett-Packard Co.*,
 No. C07-00333, 2008 U.S. Dist. LEXIS 106464   (N.D. Cal. Mar. 25, 2008)....................17

*Brownfield v. Bayer Corp.*,
 No. 09cv00444, 2009 U.S. Dist. LEXIS 63057   (E.D. Cal. Jul. 6, 2009)............................11

*Cardinal Health 301, Inc. v. Tyco Elecs. Corp.*,
 169 Cal. App. 4th 116 (2008).....................................................................16

*Chavez v. Nestle USA, Inc.*,
 No. CV 09-9192, 2011 U.S. Dist. LEXIS 58733 (C.D. Cal. May 2, 2011),
 *ordering dismissal to be with prejudice,* 2011 U.S. Dist. LEXIS 58734
 (C.D. Cal. May 27, 2011) ..............................................................................7

*Daugherty v. Am. Honda Motor Co.*,
 144 Cal. App. 4th 824 (2006).....................................................................14

*Donohue v. Apple, Inc.*,
 No. 11CV5337, 2012 U.S. Dist. LEXIS 65860 (N.D. Cal. May 10, 2010)........................16

*Fraker v. Bayer Corp.*,
 No. CV F08-1564, U.S. Dist. LEXIS 125633 (E.D. Cal. Oct. 2, 2009) ...............7

*In re Toyota Motor Corp. Hybrid Brake Mktg. Sales Practice & Prods. Liab.
 Litig.*,
 No. 10-02712-CJC (RNBx) 2011 U.S. Dist. LEXIS 110206
 (C.D. Cal. Sept. 12, 2011) ..........................................................................11

*Kearns v. Ford Motor Co.*,
 567 F.3d 1120 (9th Cir. 2009).................................................................10-11

*Kowalsky v. Hewlett Packard Co.*,
 771 F. Supp. 2d 1138 (N.D. Cal. 2010) .....................................................18

*Nat'l Council Against Health Fraud, Inc. v. King Bio Pharm.*,
 107 Cal. App. 4th 1336 (2003) ................................................................6, 7

*Stanley v. Bayer Healthcare LLC*,
 No. 11cv862, 2012 U.S. Dist. LEXIS 47895 (S.D. Cal. Apr. 3, 2012) ..................6, 7, 9, 17

*Temple v. Adams*,
 No. CV-F-04-6716, 2006 U.S. Dist. LEXIS 97616 (E.D. Cal. Aug. 22, 2006) ....................4

# TABLE OF AUTHORITIES

**Page**

*Tietsworth v. Sears, Roebuck & Co.,*
No. 5:09-CV-00288, 2009 U.S. Dist. LEXIS 98532   (N.D. Cal. Oct. 13, 2009)................ 12

*Wilson v. Hewlett-Packard Co.,*
668 F.3d 1136 (9th Cir. 2012)............................................................................................ 15

*Vess v. Ciba-Geigy Corp. USA,*
317 F.3d 1097 (9th Cir. 2003)............................................................................................ 12


## CALIFORNIA CIVIL CODE

*Cal. Civ. Code* § 1572 ...................................................................................................... 11

*Cal. Civ. Code* § 1709 ...................................................................................................... 11

*Cal. Civ. Code* § 1711 ...................................................................................................... 11

*Cal. Civ. Code* § 3294 ...................................................................................................... 12

## RULES

Fed. R. Civ. P. 8 ................................................................................................................... 9

Fed. R. Civ. P. 9(b) ............................................................................................................ 10

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

LA01/ 1144427.1

iii

William A. Hanssen (Bar No. 110613)
Sandra L. Weiherer (Bar No. 208354)
DRINKER BIDDLE & REATH LLP
1800 Century Park East, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 203-4000
Facsimile: (310) 229-1285
william.hanssen@dbr.com
sandra.weiherer@dbr.com

Bradley J. Andreozzi *(pro hac vice pending)*
Justin O. Kay *(pro hac vice pending)*
DRINKER BIDDLE & REATH LLP
191 North Wacker Drive, Suite 3700
Chicago, IL 60606-1698
Telephone: (312) 569-1000
Facsimile: (312) 569-3000
bradley.andreozzi@dbr.com
justin.kay@dbr.com

Attorneys for Defendant
WAL-MART STORES, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAY ECKLER, On Behalf of Herself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>WAL-MART STORES, INC., a Delaware corporation,<br><br>Defendant. | Case No. 3:12-cv-00727-LAB-MDD<br>Hon. Judge Larry Alan Burns<br>Courtroom 9<br><br>**DEFENDANT WAL-MART STORES, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>**[Fed.R.Civ. P. 8, 9(b), 12(b)(6)]**<br><br>**[NOTICE OF MOTION FILED CONCURRENTLY HEREWITH]**<br><br>**ORAL ARGUMENT REQUESTED**<br><br>Hearing Date: July 30, 2012<br>Hearing Time: 11:30 a.m.<br>Hearing Location: Courtroom 9 |

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

1

DEFENDANT WAL-MART STORES, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

## PRELIMINARY STATEMENT

The First Amended Complaint filed by plaintiff Kay Eckler ("Plaintiff") challenges the effectiveness of a standard dietary supplement—glucosamine chondroitin—that has been on the market in various formulations for over twenty years. Plaintiff does not challenge any representation unique to the Equate product ("Equate" or the "Product") sold by Wal-Mart. Rather, her theory appears to be that joint supplements in general—*i.e.*, the ingredients glucosamine and chondroitin, among others—have not been shown to be effective. Plaintiff makes no attempt to explain how or why the specific statements on the Equate label are false, apart from citing some clinical studies testing *other* formulations of glucosamine and/or chondroitin for effectiveness in treating osteoarthritis. Yet, the Equate label contains no claim that the Product is effective for the treatment of osteoarthritis. On the contrary, the Equate label clearly states that the product should *not* be used to treat *any* disease.

Apart from her conclusory allegations of falsity premised merely on clinical studies testing other formulations for effectiveness for a purpose the Equate label never claimed the Product serves, Plaintiff offers no factual allegations that any of the product representations are false. Rather, Plaintiff's theory is that Wal-Mart lacks clinical substantiation for the statements on the product label. California law is clear, however, that a private plaintiff cannot attack the promotion of a supplement as being insufficiently substantiated. A private plaintiff must plead sufficient facts—with the specificity required by Rule 9(b)—showing that the statements are actually *false*, and cannot shift that burden to the defendant by merely alleging that the statements are "unsubstantiated." Plaintiff has not met this pleading standard.

If this case were to proceed to trial, Wal-Mart would show that there is indeed strong scientific support for the claims made for the Product, including studies Plaintiff has elected to ignore. But this suit should not survive beyond the

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

2

pleading stage because Plaintiff cannot turn conclusory allegations of lack of substantiation, based on nothing more than studies of other products for other purposes, into a consumer fraud claim.

## SUMMARY OF THE COMPLAINT

Plaintiff is a resident of San Diego, California who claims to have purchased a single bottle of Equate Glucosamine Chondroitin MSM Advanced Triple Strength (the "Product") in "approximately December 2011" at a Wal-Mart in Oceanside, California. Cmplt. ¶ 9. The Product is a dietary supplement, not a drug or medicine. The Product's ingredients include glucosamine (an amino sugar that the body produces and distributes in cartilage and other connective tissue); chondroitin sulfate (a complex carbohydrate in connective tissue); methylsulfonylmethane ("MSM") (an organic sulfur compound in fruits, vegetables, tea, and milk); *Boswellia Seratta* (a gum resin extracted from an herb); and hyaluronic acid (a component of synovial fluid in the eyes and joints). *Id.* ¶¶ 1, 13-14. Plaintiff does not claim that the Product is unsafe and does not claim any personal injury. Instead, she challenges the Product's efficacy. Yet, nowhere in the Complaint does Plaintiff directly allege that she actually used the Product, much less took it as directed; she merely alleges that she purchased the Product and did not receive the benefits that she claims were promised. *See id.* ¶ 9.

Plaintiff alleges that she "was exposed to and saw" representations regarding the Product by "reading the packaging and labeling," but she does not identify the actual representations on which she supposedly relied. *Id.* Instead, taking liberties with the Product's packaging, the Complaint alleges that "[t]hrough an extensive, widespread, comprehensive and uniform nationwide marketing campaign, Wal-Mart promises that Equate will help rebuild cartilage, lubricate joints and improve joint comfort for all joints in the human body, for adults of all ages and for all manner and stages of joint disease." *Id.* ¶ 1. Plaintiff defines these alleged representations as "the 'joint comfort, renewal and rejuvenation' representations,"

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

and nowhere does she allege that she saw (or relied on) any representations apart from these self-described "joint comfort, renewal and rejuvenation representations." *Id.* Yet, the packaging does *not* contain language asserting that the Product is effective for "all joints in the human body," "for adults of all ages," or "for all manner and stages of joint disease." *See* Ex. A.[1] On the contrary, the packaging states that "This product is not intended to diagnose, treat, cure, or prevent any disease." *See id.* The terms "renewal" and "rejuvenation" also do not appear on the packaging. *Id.* Indeed, the language on the Equate label is much more modest. The front of the package states that the Product is "Formulated to help • Support joint comfort • Rebuild cartilage & lubricate joints." *Id.* The back of the package states that "Overexertion, the natural aging process and everyday wear and tear can take their toll. Glucosamine Chondroitin Complex has a proprietary blend of ingredients that support healthy joints." *Id.* Other statements on the packaging include that the Product "helps protect cartilage and helps maintain the cellular components within joints" and that *Boswellia Seratta* "may help with knee comfort." *Id.*

Plaintiff alleges that the representations on the Product are fraudulent because "there are no competent or well-designed clinical studies that support Wal-Mart's joint comfort, renewal and rejuvenation' representations," and "no scientifically valid confirmation that Equate is an effective joint treatment . . . ." Cmplt. ¶¶ 2 & 15. And while the Plaintiff does cite a handful of studies examining the effectiveness of other formulations containing certain of the Product's ingredients in treating osteoarthritis, the Complaint does *not* allege (and could not allege) that any of these studies tested the actual Product or formulation sold by Wal-Mart *or* that the Equate label made any claim that the Product should be used

---

[1] A color copy of the Product's packaging is submitted as Exhibit A. The actual packaging, reproduced in the Complaint and central to the claims, can be considered by the Court on this motion to dismiss. *See, e.g., Temple v. Adams*, No. CV-F-04-6716, 2006 U.S. Dist. LEXIS 97616 (E.D. Cal. Aug. 22, 2006), at *27 ("[W]hen a written instrument contradicts allegations in a complaint to which it is attached, the exhibit trumps the allegations." (Internal quotations omitted).

DEFENDANT WAL-MART STORES, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

to treat osteoarthritis. *Id.* ¶¶ 16-19. On the contrary, the Complaint fails to mention the disclaimer on the packaging that the Product is "not intended to diagnose, treat, cure, or prevent any disease." Ex. A. Indeed, the label's reference to "[o]verexertion, the natural aging process and everyday wear and tear" further emphasizes that the Product is not marketed as a treatment or cure for osteoarthritis, but is to be used to "support healthy joints" and help with everyday joint discomfort. And while the Complaint attacks Wal-Mart for supposedly lacking clinical proof of the efficacy of the Product, Plaintiff can point to no representation on the Equate label (or elsewhere) claiming to have any particular type of scientific or clinical evidence for the Product's efficacy.

While the Plaintiff does allege in conclusory fashion that the Product did not work for her (Cmplt. ¶ 9), she does not allege any facts regarding her physical condition or the reason why she needed the Product, or that she actually used the Product as directed, or how she knows that the Product did not provide any benefit actually represented on the Product's label. Nor does she allege that she sought to avail herself of Wal-Mart's "Satisfaction Guaranteed – Or we'll replace it or give you your money back" promise that is prominently displayed on the packaging for the Product (but not mentioned in the Complaint). *See* Ex. A.

Based on the foregoing, Plaintiff asserts claims under California's Unfair Competition Law ("UCL") and Consumers Legal Remedies Act ("CLRA") on behalf of herself and a putative class of purchasers from California who purchased the Product during the applicable (but unspecified) limitations periods. Cmplt. ¶¶ 26, 38, 51. Plaintiff also asserts a claim for breach of express warranty on behalf of the same purported class, but nowhere alleges the specific terms of the "warranty" supposedly breached or that she provided notice to Wal-Mart of the alleged warranty breach. *See id.* ¶ 60.

Drinker Biddle &
Reath LLP
Attorneys At Law
Los Angeles

## I. PLAINTIFF'S CONCLUSORY CLAIMS OF "FALSITY" ARE REALLY NON-COGNIZABLE CLAIMS FOR LACK OF SUBSTANTIATION.

To state a claim for false advertising under the UCL and CLRA, a plaintiff "bears the burden of proving the defendant's advertising claim is false or misleading." *Nat'l Council Against Health Fraud, Inc. v. King Bio Pharm.*, 107 Cal. App. 4th 1336, 1342 (2003). A private plaintiff may not, however, pursue a claim under the UCL or the CLRA on the basis that an advertising claim is merely unsubstantiated—or false or misleading *because* it lacks substantiation—because "[t]he legislature has expressly permitted prosecuting authorities, *but not private plaintiffs*, to require substantiation of advertising claims." *Id.* at 1345 (emphasis added). Indeed, the purpose of delegating to prosecuting authorities alone the responsibility for requiring the substantiation of advertising is to "prevent undue harassment of advertisers and provide the least burdensome method of obtaining substantiation for advertising claims." *Stanley v. Bayer Healthcare LLC*, No. 11cv862, 2012 U.S. Dist. LEXIS 47895, at * 9-10 (S.D. Cal. Apr. 3, 2012) (Gonzalez, C.J.) (internal quotations omitted). To permit the Plaintiff to proceed under such a theory would create "a right which has affirmatively been withheld from private plaintiffs by the Legislature" and therefore "thwart the intent of the Legislature." *King Bio*, 107 Cal. App. 4th at 1342.

The Complaint in this case is replete with direct assertions that Wal-Mart lacks substantiation for the statements on the Product. *See, e.g.*, Cmplt ¶ 2 ("[T]here are no competent or well-designed clinical studies that support Wal-Mart's joint comfort, renewal, and rejuvenation representations."); *id.* ¶ 15 ("[Wal-Mart has] no scientifically valid confirmation that Equate is an effective joint treatment . . . ."); *id.* ¶ 20 ("[Wal-Mart sells the Product] without possessing any competent and reliable scientific evidence that the Product works as advertised

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT WAL-MART STORES, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

....."). Courts interpreting the UCL and CLRA have repeatedly found that such language attempts to assert a non-cognizable claim for lack of substantiation. *See, e.g., Stanley*, 2012 U.S. Dist. LEXIS 47895, at *5 (holding that plaintiff attempted to assert non-cognizable claims for lack of substantiation by alleging, *inter alia*, that defendant's representations "are not substantiated by the vast majority of generally accepted scientific literature"); *Chavez v. Nestle USA, Inc.*, No. CV 09-9192, 2011 U.S. Dist. LEXIS 58733, at *1 (C.D. Cal. May 2, 2011) (dismissing claims where plaintiff alleged that "Defendant does not possess requisite scientific evidence to substantiate Defendant's claims regarding [the products]"), *ordering dismissal to be with prejudice*, 2011 U.S. Dist. LEXIS 58734 (C.D. Cal. May 27, 2011); *Barrera v. Pharmavite, LLC*, No. CV 2:11-04153, at 2 (C.D. Cal. Sept. 19, 2011) (unpublished minute order) (Ex. B hereto) (dismissing claims where plaintiff alleged, *inter alia*, that "defendant failed to inform plaintiff and the class members that it did not possess competent scientific evidence to support its health benefit claims"); *Fraker v. Bayer Corp.*, CV F 08 – 1564, 2009 U.S. Dist. LEXIS 125633, at *9 (E.D. Cal. Oct. 2, 2009) (dismissing UCL, CLRA, and breach of express warranty claims where plaintiff alleged that "Defendant has no reasonable basis, consisting of competent and reliable scientific evidence to substantiate claims made for the product") (Ishii, C.J.); *King Bio*, 107 Cal. App. 4th at 1341 (holding that plaintiff attempted to assert non-cognizable claims by alleging, *inter alia*, "there is no scientific basis for the advertised efficacy of [defendant's] products"). Thus, the Complaint's allegations of lack of substantiation should be dismissed. But shorn of such allegations, there is nothing left of the Complaint.

The Complaint's conclusory allegations of falsity cannot hide the fact that the claims are premised on an alleged lack of scientific substantiation. *See Barrera*, Ex. B at 4 ("The Court finds that while some of the claims in the complaint conclusorily state that Pharmavite's product labels make false and misleading statements, when considered as a whole as it must be for purposes of a 12(b)(6)

motion . . . the complaint primarily alleges that the claims on defendant's labels lack substantiation.").  As in *Barrera*, the Complaint's only allegations of actual falsity (as opposed to lack of substantiation) are conclusory assertions, here premised on a fictional "joint comfort, renewal and rejuvenation" representation that never appeared on the Equate label but rather was created by Plaintiff.

The Complaint does not (and could not) allege that the Equate label represents that the Product is proven to be effective by "clinical cause and effect studies," because there is no such representation on the Product.  Plaintiff therefore instead concocts a representation found nowhere on the Product, that "Wal-Mart promises that Equate will help rebuild cartilage, lubricate joints and improve joint comfort for all joints in the human body, for adults of all ages and *for all manner and stages of joint disease*."  Cmplt. ¶ 1 (emphasis added).  Based on this fictional representation, Plaintiff then cites a few studies—of other formulations rather than the Equate Product—supposedly refuting its accuracy.  *See, e.g.*, Cmplt. ¶ 16 (citing 2006 National Institute of Health ("NIH") study allegedly concluding that glucosamine and chondroitin "did not reduce pain effectively in the overall group of patients *with osteoarthritis of the knee*") (emphasis added); *id.* ¶ 17 (citing follow-up to 2006 NIH study allegedly concluding that glucosamine and chondroitin "appeared to fare no better than placebo in *slowing loss of cartilage in osteoarthritis of the knee*.").  But the Equate label does not represent that the Product will reduce pain or loss of cartilage in patients with osteoarthritis, and indeed actively disclaims any such claim by stating that "This product is not intended to diagnose, treat, cure, or prevent any disease."  Ex. A.  Accordingly, even if Plaintiff's interpretations of the cited clinical studies of *other* products—for treatment of a disease the Equate label *never claimed* the Product could treat—were to be taken at face value, such allegations could not show that any of claims on the Equate label are false.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

"Liability for false advertising under the UCL and CLRA cannot be based upon the fact that the [Product] did not work for Plaintiff in the way she believed (but Defendant did not represent) it would." *Stanley*, 2012 U.S. Dist. LEXIS 47895, at \*27. Indeed, it would be unreasonable as a matter of law for a consumer to construe the general assertion that the Product is "Formulated to help: • Support joint comfort • Rebuild cartilage and lubricate joints" as an endorsement that the Product will relieve any specific disease or condition. *See id.* at \*24 (allegation that a product did not "relieve Plaintiff's particular diarrhea symptoms" failed to state a claim under the UCL and CLRA where the representation at issue stated "Helps defend against Occasional DIARRHEA").

Ultimately, the studies cited by Plaintiff are no more supportive of the falsity of the actual representations on the Product than they are of the falsity of Plaintiff's straw-man representations. The studies to which Plaintiff cites are studies examining the effectiveness of different formulations, rather than the Product. Those studies tested efficacy of the subject formulations for treatment of osteoarthritis, a disease the Product was never represented to treat. Plaintiff cites no studies examining the effectiveness of the actual Product in providing the benefits actually represented on the Product label. Because Plaintiff alleges no facts showing actual falsity and her only challenge to the representations on the Product is that they supposedly lack substantiation, Plaintiff's claims should be dismissed.

## II.   PLAINTIFF'S CONCLUSORY ALLEGATIONS FAIL TO STATE CLAIMS UNDER RULE 8 OR RULE 9(b).

Plaintiff's claims also fail because they do not meet the pleading requirements of either Rule 8 or Rule 9(b) of the Federal Rules of Civil Procedure.

### A.   The Rule 8 Plausibility Standard.

Rule 8 requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The Supreme Court has explained that Rule 8(a) "requires a 'showing,' rather than a

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

blanket assertion, of entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). Accordingly, Rule 8 requires that a complaint allege "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). This standard requires a plaintiff to plead "*factual content* that allows the court to draw the *reasonable* inference that the defendant is liable for the misconduct alleged." *Id.* (emphasis added). What will *not* suffice are "unadorned, the defendant-unlawfully-harmed-me-accusation[s]," "labels and conclusions," "formulaic recitation[s] of the elements of a cause of action," and "naked assertions devoid of further factual enhancement." *Id.* (internal quotations omitted).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). Requiring a complaint to contain sufficient factual allegations to "show that the pleader is entitled to relief" is necessary lest a plaintiff "with a largely groundless claim be allowed to take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value." *Twombly*, 550 U.S. at 557-58 (alteration and internal quotations omitted).

## B.     The Rule 9(b) Heightened Pleading Standard.

Rule 9(b) requires a plaintiff to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The heightened pleading standard of Rule 9(b) applies to CLRA and UCL claims when, as here, a complaint sounds in fraud. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124-25 (9th Cir. 2009) ("[W]e have specifically ruled that Rule 9(b)'s heightened pleading standards apply to claims for violations of the CLRA and UCL."). Where a plaintiff "allege[s] a unified course of fraudulent conduct" as the basis for CLRA or UCL claims, then those claims are "said to be 'grounded in fraud' or to 'sound in fraud,' and the pleading [] as a whole must satisfy the particularity requirements of Rule

9(b)." *Id.* at 1125. *See also Brownfield v. Bayer Corp.*, No. 09-CV-00444, 2009 U.S. Dist. LEXIS 63507, at *14-17 (E.D. Cal. Jul. 6, 2009). It is not necessary that plaintiff allege the express elements of common law fraud for the strict pleading requirements of Rule 9(b) to apply. "Fraud can be averred by specifically alleging fraud, or by alleging facts that necessarily constitute fraud (even if the word 'fraud' is not used)." *Kearns*, 597 F.3d at 1124.

When a complaint "sounds in fraud," Rule 9(b) applies to UCL and CLRA claims of fraudulent non-disclosure as well as claims of fraudulent misrepresentation. *Id.* at 1127. Moreover, *Kearns* holds that Rule 9(b) applies not only to claims under the UCL's "fraudulent" prong, but also to claims premised on the same factual allegations under the "unlawful" and "unfair" prongs of the UCL. *Id.* at 1127. *See also In re Toyota Motor Corp. Hybrid Brake Mktg., Sales, Practices & Prods. Liab. Litig.*, No. 10-02712-CJC (RNBx), 2011 U.S. Dist. LEXIS 110206, at *18-19 (C.D. Cal. Sept. 12, 2011) (relying on *Kearns* to apply Rule 9(b) to all three UCL prongs).

Plaintiff's UCL and CLRA claims are premised on an alleged unified course of fraudulent conduct. The Complaint alleges "a *uniform* nationwide marketing campaign" "designed to cause consumers to buy Equate" based on "*false*" "*misleading*" and "*deceptive* representations and omissions." Cmplt. ¶¶ 1-5, 12, 20-23, 45, 58-60 (emphasis added). It alleges that Wal-Mart's conduct is "*fraudulent*" (Cmplt. ¶¶ 45, 57); that Wal-Mart "*knew*" that its representations were "*false* and misleading" (Cmplt. ¶53); and that Wal-Mart is guilty of "[a]dvertising goods … with *intent* not to sell them as advertised." Cmplt. ¶52 (emphasis added).

Plaintiff's claims are also expressly predicated on common law fraud itself. Plaintiff bases her UCL claim on alleged violation of numerous statutory provisions codifying common law fraud, including: (a) *Civil Code* § 1572, which defines "[a]ctual fraud" in the inducement to a contract; (b) *Civil Code* § 1709, "Fraudulent Deceit"; and (c) *Civil Code* § 1711, "deceit with intent to defraud the public"

DEFENDANT WAL-MART STORES, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

Cmplt. ¶ 38; *see Tietsworth v. Sears, Roebuck & Co.*, No. 5:09-CV-00288, 2009 U.S. Dist. LEXIS 98532, at *21 (N.D. Cal. Oct. 13, 2009) (Rule 9(b) applied where UCL claim was based on violations of *Civil Code* §§ 1572, 1709). Plaintiff further alleges that "Wal-Mart's conduct is fraudulent, wanton, and malicious" in her CLRA claim as part of her allegation of a right to punitive damages (Cmplt. ¶¶ 56, 57), which is equivalent to an allegation of common law fraud. *See* Cal. *Civ. Code* § 3294(a), (c)(3). Accordingly, Plaintiff must satisfy the heightened pleading requirements of Rule 9(b).

"Rule 9(b) demands that, when averments of fraud are made, the circumstances constituting the alleged fraud be specific enough to give defendants notice of the *particular* misconduct [] so that they can defend against the charge and not just deny that they have done anything wrong." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (emphasis added, quotations and citations omitted). Plaintiff's "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged. *Id.* Plaintiff "must set forth *more* than the neutral facts necessary to identify the transaction." *Id.* (emphasis in original), quoting *Decker v. Glen Fed, Inc.*, 42 F.3d 1541, 1548 (9th Cir. 1994). She "must set forth what is false or misleading about a statement, and *why* it is false." *Id.* (emphasis added). Plaintiff has not done so here.

### C.    Plaintiff Has Failed to Satisfy Rule 8 or Rule 9(b).

The Complaint fails to meet the fundamental pleading requirements of Rules 8 and 9(b). To start, the Complaint flunks Rule 8's fundamental requirement that a complaint "show" an entitlement to relief based on a claim that is plausible based on well-pleaded facts that "permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 129 S. Ct. at 1950. As discussed above, the core of Plaintiff's claim is that the representations on the Product are deceptive because studies of different formulations containing some of the ingredients in the Product supposedly suggest that the ingredients are ineffective in treating or curing

DEFENDANT WAL-MART STORES, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

osteoarthritis. Yet, nothing on the label represents that the Product *is* effective for treating or curing osteoarthritis; the label states the opposite: "This product is not intended to diagnose, treat, cure or prevent any disease." Ex. A. Plaintiff does not (and cannot) point to any studies evaluating the effectiveness of the actual Product, much less evaluating the effectiveness of the Product in providing the benefits actually represented on the label. Rather, Plaintiff's theory requires an unwarranted inferential leap that proof of other products' ineffectiveness in treating or curing osteoarthritis renders the representations on the Product false or misleading even though those representations disclaimed any claim that the Product could be used to treat or cure osteoarthritis. Such a theory defies common sense: even if Plaintiff were able to prove the truth of the alleged findings of the cited studies (which are far more nuanced than the Complaint suggests), the findings of those studies would have no bearing on the truth or falsity of the actual representations on the Product. The Complaint pleads facts which are, at best, "merely consistent with" liability, and therefore "stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S Ct. at 1949 (internal quotations omitted). Consequently the Complaint fails to satisfy Rule 8.

The Complaint also fails to satisfy Rule 9(b). The conclusory allegation that Plaintiff suffered an injury in fact and lost money when she purchased Equate because it did not work as represented omits critical facts. Cmplt. ¶9. It fails to state whether Plaintiff actually *took* Equate, if she took it as directed, how long she took it, the specific reason why she took it, the condition(s) she was experiencing when she took it, and how she determined that Equate did not provide any benefits that were actually stated on the Product label.

Just as importantly, the Complaint fails to specify how or why the statements on the Equate label, *i.e.* that the Product is "Formulated to help: • Support joint comfort • Rebuild cartilage and lubricate joints" are false. The essence of Plaintiff's claim is that there are "no competent and reliable scientific studies" that

support what Plaintiff mischaracterizes as "Wal-Mart's joint comfort, renewal and rejuvenation representations." Cmplt. ¶ 1. But there are no such "joint comfort, renewal or rejuvenation representations" on the label. Nor are there representations that Equate is effective for *all* joints in the human body, for adults of *all* ages and for *all* stages of joint disease. Cmplt. ¶ 15.

Fundamentally, Plaintiff's claim is for "lack of substantiation," which (as discussed above) is not cognizable or sufficient to state a claim for violation of the UCL or CLRA by an individual. *See,* Part I *supra*, at pp. 6-9. Plaintiff attempts to manufacture a UCL fraud claim by referring to a handful of cherry picked clinical studies examining the effectiveness of some formulations of glucosamine or chondroitin in treating osteoarthritis. But, as discussed above, these studies tested the efficacy of other formulations for a purpose never claimed for Equate: the treatment of osteoarthritis. The Complaint does not explain how these osteoarthritis studies show that any representation on the Equate label is false, and indeed cannot; the studies tested different formulations for different purposes. Rule 9(b) does not allow a plaintiff to base a fraud claim on conclusory allegations of falsity based on vague allegations regarding representations that the defendant never made.

### D.     Plaintiff Has Not Stated Facts Sufficient to Create a Duty to Disclose.

Plaintiff's allegations are also insufficient to support a nondisclosure or omission claim. Cmplt. ¶¶ 9, 21-24, 45. Plaintiff cannot state such a theory under the UCL or CLRA without alleging facts giving rise to an affirmative duty to disclose. *See Daugherty v. Am. Honda Motor Co.,* 144 Cal. App. 4th 824, 838 (2006). An omission must concern a fact "a defendant was obliged to disclose" or alternatively, "be contrary to a representation actually made by the defendant." *Id.* at 835. A duty to disclose may arise in four circumstances: "(1) when the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant had exclusive knowledge of material facts not known to the plaintiff; (3) when the

defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations but also suppresses some material fact." *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1142 (9th Cir. 2012).[2] None of these circumstances are present in this case. There is no fiduciary relationship between the parties and the "material facts" are the published clinical trials referenced by Plaintiff in her Complaint. The fact that Plaintiff referenced these studies demonstrates that Wal-Mart did not have exclusive knowledge of them and therefore, could not have actively concealed or suppressed them from Plaintiff. Thus, there was no obligation to disclose.

Furthermore, nowhere on the Equate label or packaging is there any representation that any claim or statement has been "clinically proven." Thus, there is nothing that would give rise to an obligation to refer to these studies, which explains why Plaintiff fails to state facts demonstrating that Wal-Mart was obligated to disclose the results of those studies.

\* \* \* \* \*

In sum, the Complaint does not allege facts showing that any representation regarding the Equate Glucosamine product is false or deceptive or that the label failed to disclose any information required to be disclosed. Instead, Plaintiff is challenging joint supplements generally, alleging that certain ingredients in different formulations have not been clinically proven to be effective to treat a disease that Equate was never represented to treat in the first place. Such allegations fail to state any claim under the UCL or CLRA.

/ / /

/ / /

/ / /

/ / /

_____

[2] The *Wilson* Court observed that "California courts have generally rejected a broad obligation to disclose. . ." *Id.* at 1141.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

15
DEFENDANT WAL-MART STORES, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

### III. PLAINTIFF'S CLAIM FOR BREACH OF EXPRESS WARRANTY FAILS

#### A. Plaintiff's Warranty Claim Is Barred by Her Failure to Give Pre-Suit Notice.

To avoid dismissal of a breach of warranty claim in California, "a buyer must plead that notice of the alleged breach was provided to the seller within a reasonable time." *Alvarez v. Chevron Corp.*, 656 F.3d 925, 932 (9th Cir. 2011). Such notice is a prerequisite for a breach of express warranty claim. *See Cardinal Health 301, Inc. v. Tyco Elecs. Corp.*, 169 Cal. App. 4th 116, 135 (2008). The purpose of the notice requirement is to allow the breaching party to cure the breach and thereby avoid the necessity of litigating the matter in court, *id.* at 135, which is why the Ninth Circuit has construed California *Uniform Commercial Code* Section 2607(3)(A) to require the plaintiff to show that she has given pre-suit notice of the breach *before* filing suit. *Alvarez*, 656 F.3d at 932 (upholding dismissal of express and implied warranty claims with prejudice where the undisputed evidence established that the plaintiffs sent a notice letter simultaneously with a complaint). *See also Donohue v. Apple, Inc.*, No. 11CV5337, 2012 U.S. Dist. LEXIS 65860, at *37-41 (N.D. Cal. May 10, 2012).

Plaintiff does not allege that she gave the mandatory pre-suit notice of the breach to Wal-Mart. Nor can she, because she failed to do so. Therefore, she cannot amend the Complaint to cure this fatal defect that bars her warranty claim.

#### B. Plaintiff Has Failed to Plead Adequately That An Express Warranty Was Made.

Plaintiff's claim for breach of express warranty fails for the additional reason that she has failed to plead facts establishing that an express warranty was created, including the specific terms of the alleged warranty. To plead a claim for breach of express warranty, the buyer must allege that the seller: (1) made an affirmation of fact or promise or provided a description of its goods; (2) the promise or description

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

16

DEFENDANT WAL-MART STORES, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

formed a part of the basis of the bargain; (3) the express warranty was breached; and (4) the breach caused injury to the plaintiff. *Blennis v. Hewlett-Packard Co.*, No. C07-00333, 2008 U.S. Dist. LEXIS 106464, at *5-6 (N.D. Cal. Mar. 25, 2008) (citation omitted). A claim must allege the exact terms of the warranty, that the buyer reasonably relied on those terms, and that the breach of warranty proximately caused the buyer's injury. *Id.* Plaintiff does not properly allege these elements.

Plaintiff contends that "Wal-Mart expressly warranted in its advertising campaign, including, *inter alia*, on each and every box of Equate that the Product helps to "rebuild cartilage", "lubricate joints" and "support[s] joint comfort." Cmplt. ¶ 60. Plaintiff also contends that "[t]hese joint comfort, renewal and rejuvenation representations made by Wal-Mart are affirmations of fact that became part of the basis of the bargain and created an express warranty." *Id.* Both contentions are wrong.

The specific language on the Product is not as stated by Plaintiff. Instead, the language provides that Equate is: "Formulated to help: • Support joint comfort • Rebuild cartilage and lubricate joints," that the Product "helps protect cartilage and helps maintain the cellular components within joints," and that *Boswellia serrata* extract may help with knee comfort." Ex. A. These statements are not *the affirmation of facts or a promise* that give rise to an express warranty. "Formulated to help" or "may help" or even "helps" does not mean "clinically proven to help" or "always effective" or "guaranteed to work." None of the statements on the Equate label guarantee that the Product will, *in fact*, rebuild cartilage, lubricate joints and support joint comfort for every person, of every age, in every joint, regardless of such person's physical condition or state of joint disease. Nor do the label's statements constitute a warranty that the Product will do so for Plaintiff specifically. *See Stanley*, 2012 U.S. Dist. LEXIS 47895 at *32 (holding that "Helps Defend Against Occasional DIARRHEA" did not create an express warranty that the product would effectively treat diarrhea).

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

17

DEFENDANT WAL-MART STORES, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

Plaintiff has also failed to identify the exact terms of any express warranty on the packaging of Equate within the formulaic allegations of her warranty claim. Likewise, she has failed to allege sufficient facts to demonstrate a breach of warranty. Accordingly, her claim should be dismissed.

The Equate label did not provide an express warranty that Equate will support joint comfort, rebuild cartilage and lubricate joints in every individual that takes it. The Equate label did, however, provide the following statement: "Satisfaction guaranteed – Or we'll replace it or give you your money back." Plaintiff never notified Wal-Mart that she was not satisfied or wanted her money back. Therefore, even if she had alleged facts showing the existence of a warranty (and she has not done so), she still could not state a claim for breach of warranty on the grounds that Wal-Mart refused to provide a refund. *Kowalsky v. Hewlett-Packard Co.*, 771 F. Supp. 2d 1138, 1154 (N.D. Cal. 2010). Had the product truly failed to work for her, all she had to do was ask and she would have received a full refund. She had no need to burden the Court with an ill-conceived class action law suit.

## CONCLUSION

For the foregoing reasons, the Motion to Dismiss the First Amended Complaint should be granted and the case should be dismissed with prejudice.


Dated:  June 11, 2012          DRINKER BIDDLE & REATH LLP


By: */s/ William A. Hanssen*
William A. Hanssen
Sandra L. Weiherer


Attorneys for Defendant
WAL-MART STORES, INC.

# PROOF OF SERVICE BY ECF

1

2    STATE OF CALIFORNIA     )
                              ) ss.:

3    COUNTY OF LOS ANGELES   )
*Kay Eckler, On Behalf of Herself and All Others Similarly Situated v. Wal-Mart*

4    *Stores, Inc.*

5        I am employed in the County of Los Angeles, State of California.  I am over
the age of 18 and not a party to the within action.  My business address is

6    1800 Century Park E, Suite 1400, Los Angeles, CA 90067.

7        On June 11, 2012, I served on interested parties in said action the within:

8    **DEFENDANT WAL-MART STORES, INC.'S MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

9    FIRST AMENDED COMPLAINT**

10    **[Fed.R.Civ. P. 8, 9(b), 12(b)(6)]**

11    by transmitting a true copy of said document by ECF as stated to all those on the
attached service list.

12

13        I am readily familiar with the ECF filing system.

14        Executed on June 11, 2012, at Los Angeles, California.

15        I declare under penalty of perjury under the laws of the State of California
that the foregoing is true and correct.

16

17

18    _____    _____
        Elizabeth Woodfork

19         (Type or print name)                 (Signature)

20

21

22

23

24

25

26

27

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

1

2

3  Todd D. Carpenter, Esq.
   BONNETT, FAIRBOURN, FRIEDMAN
   & BALINT, P.C.
4  600 West Broadway, Suite 900
   San Diego, CA 92101
5  PH:  (619) 756-6978
   *Fax:  (619) 798-5825*
6  tcarpenter@bffb.com

7  Attorneys for Plaintiff

8

9

Patricia N. Syverson, Esq.
Christina M. Vander Werf, Esq.
Linda Gomez-Gray, Esq.
BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.
2901 N. Central Ave., Suite 1000
Phoenix, AZ 85012
PH:  (602-274-1100
psyverson@bffb.com
cvanderwerf@bffb.com
lgomez@bffb.com

Attorneys for Plaintiff

10  Charles C. Sweedler, Esq.*(Pro Hac Vice)*
    Howard J. Sedran, Esq. *(Pro Hac Vice)*
11  Keith J. Verrier, Esq. *(Pro Hac Vice)*
    LEVIN FISHBEIN SEDRAN &
12  BERMAN
    510 Walnut Street, Suite 500
13  Philadelphia, PA 19106
    PH:  (215) 592-1500
14

15  Attorneys for Plaintiff

16

17

18

19

20

21

22

23

24

25

26

27

28